COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-410-CR

 

 

ROBERT JOSEPH OCAMPO                                                   APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Robert Joseph
Ocampo appeals his felony conviction and eight-year sentence for driving while
intoxicated (DWI).  In his sole point,
appellant asserts that the trial court abused its discretion by overruling
appellant=s challenge
for cause of prospective jurors who would consider prior DWI convictions as
evidence of guilt.

II.  Jury Voir Dire

Appellant was prosecuted for
DWI on October 13, 2005.  The offense was
enhanced to a felony because of appellant=s two prior convictions, which appellant stipulated to.  See Tex.
Penal Code Ann. ' 49.04
(Vernon 2003), ' 49.09(b)(2)
(Vernon Supp. 2006).  

During voir dire, appellant=s trial counsel discussed whether the prospective jurors would
consider appellant=s two prior
convictions for DWI as evidence of his guilt. 
Appellant asserts that seven venire members stated that they would
consider these prior convictions in determining appellant=s guilt.  Therefore, according
to appellant, the trial court abused its discretion by overruling appellant=s challenges for cause of these prospective jurors.  








Before an appellant can claim
that he was harmed by a trial court=s denial of a defense challenge for cause, the record must show that
(1) he exhausted all of his peremptory challenges, (2) he requested more
challenges, (3) his request was denied, and (4) he identified an objectionable
person seated on the jury upon whom he would have exercised a peremptory challenge.  Martinez v. State, 17 S.W.3d 677, 682
(Tex. Crim. App. 2000); Anson v. State, 959 S.W.2d 203, 204 (Tex. Crim.
App. 1997), cert. dism=d, 525 U.S. 924 (1998); Broussard v.
State, 910 S.W.2d 952, 956-57 (Tex. Crim. App. 1995), cert. denied,
519 U.S. 826 (1996).      

Although seven jurors
admitted during voir dire that they would consider appellant=s two prior convictions for DWI as evidence of his guilt, none of
these jurors ultimately served on appellant=s jury.  Further, appellant
never identified an objectionable person seated on the jury upon whom he would
have exercised a peremptory challenge.  See
Martinez, 17 S.W.3d at 682.  After
using all of his peremptory challenges, appellant requested three additional
peremptory challenges, but the trial court only granted him two.  At that point, appellant told the trial court
that he desired a third peremptory challenge for juror 8.  Although the trial court denied this request,
juror 8 never sat on the jury because the State struck her.  Appellant did not inform the trial court of
any other objectionable venire members who ultimately served on the jury.  

Because appellant did not
identify an objectionable person seated on the jury, he was not harmed by the
trial court=s denial of
his challenges for cause.  See id.  Accordingly, we overrule appellant=s sole point.

 

 

 

 








Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL
B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 8, 2007











[1]See Tex. R. App. P. 47.4.